O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV12-0223 DOC(JPRx)                                   Date: July 17, 2012

Title: MATTHEW C. BROWNDORF V. TD BANK, N.A., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS):   ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

Before the Court are three Motions to Dismiss filed by Defendants TD Bank, N.A. ("TD Bank"), BMW Bank of North America ("BMW Bank"), BMW Financial Services, N.A., LLC ("BMW FS") and Saxon Mortgage Services, Inc. ("Saxon") (herein collectively referred to as "Creditor Defendants"). Mot. (Dkt. 25, 26, 29). With regards to Creditor Defendants, after reviewing the motions, oppositions, and replies, the Court DISMISSES the first cause of action WITH PREJUDICE and the second cause of action WITHOUT PREJUDICE. The Court DENIES Creditor Defendants' motions to dismiss the third cause of action.

**I.     Background**

The facts alleged by Plaintiff Matthew C. Browndorf ("Plaintiff") are as follows:

**i.     Parties**

Plaintiff is an individual resident of Irvine, California. First Am. Compl. ("FAC") (Dkt. 16) ¶ 5. Defendant TD Bank is a wholly owned subsidiary of TD Bank Federal Group, a corporation chartered and supervised by the Office of the Comptroller of the Currency. *Id.* at ¶ 6. Defendant BMW Bank is a corporation organized under the laws of Utah and licensed to do business in California. *Id.* at ¶ 10. Defendant BMW FS is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC                                Date: July 17, 2012
                                                          Page 2

corporation organized under Ohio law and licensed to do business in California.  *Id.* at ¶ 9.  Defendant Saxon is a corporation organized under California law.  *Id.* at ¶ 7.

### ii.     Bankruptcy

In February 2011, Plaintiff filed for Chapter 7 bankruptcy.  *Id.* at ¶ 25.  As a result, on May 20, 2011, Plaintiff was discharged completely in bankruptcy without objection.  *Id.* at ¶ 25; Compl. (Dkt. 1) Ex. A.

### iii.    Credit Report Disputes

On August 2, 2011, Plaintiff received a copy of his credit report from all major reporting agencies to ensure that the Chapter 7 bankruptcy discharge order was properly reported.  FAC ¶ 26.  After realizing that the credit reporting agencies were reporting inaccurate information, Plaintiff contacted the credit reporting agencies to dispute the inaccuracies.  *Id.* at ¶¶ 27-28.  These credit reporting agencies are co-defendants in Plaintiff's lawsuit; however, this order pertains to the motions to dismiss filed by the named Creditor Defendants.  *Id.* at ¶¶ 15-18.

During the next thirty days, the major credit reporting agencies reported to Plaintiff that the information was verified and valid.  *Id.* at ¶ 29.

Furthermore, Plaintiff provided copies of his bankruptcy discharge order to Creditor Defendants, but Creditor Defendants failed to take any course of corrective action.  *Id.* at ¶ 30.

As a result of Creditor Defendants' actions, Plaintiff has been paying high interest rates on all current credit and loan transfers.  *Id.* at ¶ 31.

### iv.     Procedural History

On June 11, 2012, Defendant TD Bank joined in Defendant Saxon's motion to dismiss.  TD Bank's Notice of Joinder (Dkt. 26).  Likewise, on June 15, 2012, Defendants BMW Bank and BMW FS joined in Defendant Saxon's motion to dismiss.  BMW FS and BMW Bank's Notice of Joinder (Dkt. 29).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC                                Date: July 17, 2012
                                                                                                      Page 3

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC                                Date: July 17, 2012
                                                         Page 4

     Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

     Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

     The court has a duty to interpret *pro se* pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). As such, for the purposes of a Rule 12(b)(6) motion to dismiss, the allegations made in *pro se* complaints are held to a less stringent standard than those made in formal pleadings drafted by professional attorneys. *See Hughes*, 449 U.S. at 9.

    **III.**    **Discussion**

     The Court will first address whether Plaintiff can bring an action against debt originators for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. The Court will then address whether Plaintiff sufficiently alleges facts for a cause of action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Third, the Court will discuss whether the California Consumer Credit Reporting Agencies Act ("CCCRAA"), California Civil Code § 1785, is preempted and whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC                               Date: July 17, 2012
                                                        Page 5

Plaintiff sufficiently alleges facts for a cause of action under this statute. Finally, the Court will address Creditor Defendants' attempt to bar all causes of action by stating that no right of action exists for a bankruptcy discharge injunction violation.

> i. **Plaintiff's Cause of Action for Violation of the FDCPA (15 U.S.C. § 1692) Is Insufficient as a Matter of Law**

15 U.S.C. § 1692 protects consumers from harassment associated with the collection of debt. However, "to be held directly liable for violation of the FDCPA, a defendant must—as a threshold requirement—fall within the Act's definition of 'debt collector.'" *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006); *see Romine v. Diversified Collection Services, Inc.*, 155 F.3d 1142, 1145 (9th Cir. 1998). Furthermore, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Yossa v. Countrywide Home Loans, Inc.*, CIV. S-12-0023 MCE, 2012 WL 761991, at *4 (E.D. Cal. Mar. 7, 2012) (quoting *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985)).

Plaintiff concedes that Creditor Defendants acted as debt originators rather than debt collectors and thus has withdrawn his first cause of action for violation of the FDCPA.

Thus, the Court GRANTS Creditor Defendants' motions to dismiss the first cause of action for violation of 15 U.S.C. § 1692 and DISMISSES WITH PREJUDICE.

> ii. **Plaintiff Fails to Sufficiently Allege Facts for a Cause of Action for Violation of the FCRA (15 U.S.C. § 1681)**

In order to ensure fair and accurate credit reporting, 15 U.S.C. § 1681 places duties on credit reporting agencies and parties that furnish consumer credit information to credit reporting agencies. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002); *see* 15 U.S.C. § 1681s-2(b). "To succeed on such a claim, a plaintiff must allege that she had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute." *Von*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC                                              Date: July 17, 2012
                                                                        Page 6

---

*Brincken v. Mortgageclose.Com, Inc.,* No. 2:10–CV–2153–JAM–KJN, 2011 WL 2621010, at *5 (E.D.Cal. June 30, 2011); *see Gorman*, 584 F.3d at 1162; *Schneider v. Bank of Am. N.A.*, 2:11-CV-2953 LKK DAD, 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012) (holding that the plaintiff failed to sufficiently allege facts for a cause of action for violation of the FCRA because he did not establish that a credit reporting agency ever contacted the defendant furnisher to examine a dispute in the accuracy of the plaintiff's credit information); *see also Zirelli v. BAC Home Loan Servicing, L.P.,* No. 2:11–cv00305–GEB–DAD, 2011 WL 6100442, at *4 (E.D.Cal. Dec.7, 2011).

     A private right of action against furnishers of information exists in Section 1681s-2(b)(1) for violation of the FCRA.[1] *Gorman*, 584 F.3d at 1162 ("[The plaintiff] does have a private right of action, however, to challenge [the defendant furnisher of information]'s subsequent failure to so notify the CRAs[credit reporting agencies] after receiving notice of [the plaintiff]'s dispute under § 1681–2(b)"); *Matracia v. JP Morgan Chase Bank, NA*, CIV. 2:11-190-WBS-JF, 2011 WL 1833092, at *3 (E.D. Cal. May 12, 2011; 15 U.S.C. 1681s-2(b)(1)(A) (stating that "[a]fter receiving notice *pursuant to section 1681i(a)(2) of this title* of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall— conduct an investigation with respect to the disputed information . . .") (emphasis added). Section 1681i(a)(2) states, "before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute

---

[1] Sections 1681n and 1681o provide private rights of action for all willful and negligent violations of 15 U.S.C. § 1681 committed by credit reporting agencies and furnishers of information.  *See* 15 U.S.C. §§ 1681n, 1681o; *Gorman*, 584 F.3d at 1162; *Nelson*, 282 F.3d at 1059.  Although 15 U.S.C. § 1681 pertains primarily to credit reporting agencies, Section 1681s-2(a) and (b) outline the duties and responsibilities *specific to furnishers of information* when providing credit information, including when notices of disputes or inaccuracies arise.  *See* 15 U.S.C. § 1681s-2; *Miller v. Bank of Am., Nat. Ass'n*, 3:11-CV-02588-MMA, 2012 WL 871321 (S.D. Cal. Mar. 14, 2012); *see also* 15 U.S.C. § 1681s-2(c)(1) ("except as provided in section 1681s(c)(1)(B) [involving actions brought by chief law enforcement officers] of this title, sections 1681n and 1681o of this title do not apply to any violation of— subsection (a) of this section, including any regulations issued thereunder"); 15 U.S.C. § 1681s-2(d) ( "The provisions of law [in Section 1681s-2d(a)] . . . shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC                              Date: July 17, 2012
                                                                                                                 Page 7

from any consumer . . . *the agency shall provide notification of the dispute* to any person who provided any item of information in dispute . . . The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller." 15 U.S.C. § 1681i(a)(2)(A) (emphasis added). Thus, an individual consumer may bring a cause of action against a furnisher of information for a violation of 15 U.S.C. § 1681s-2(b)(1)(A) only if a credit reporting agency has notified the furnisher of the consumer's dispute. *Matracia*, 2011 WL 1833092, at *3; *Von*, 2011 WL 2621010, at *5.

       Plaintiff fails to sufficiently plead facts to establish a cause of action for violation of the FCRA. Plaintiff avers that he disputed the inaccurate credit information with the credit reporting agencies and Creditor Defendants. FAC ¶¶ 29-30. However, Plaintiff fails to allege that the credit reporting agencies notified the Creditor Defendants of any inaccuracies or disputes with Plaintiff's credit information. Thus, Plaintiff has not satisfied a threshold element and fails to bring a cause of action for violation of the FCRA.

       As such, the Court GRANTS Creditor Defendants' motions to dismiss the second cause of action for violation of 15 U.S.C. § 1681 and DISMISSES WITHOUT PREJUDICE.

### iii. Plaintiff Sufficiently Alleges Facts for a Cause of Action for Violation of the CCCRAA (California Civil Code § 1785.25)

       Pursuant to California Civil Code § 1785.25(a), a party shall not furnish information regarding a specific transaction or experience to any consumer credit reporting agency if the party knows or should have known that the information was incomplete or inaccurate. Cal. Civ. Code § 1785.25(a); *Banga v. Allstate Ins. Co.*, CIV S-08-1518 LKK, 2011 WL 794847, at *8 (E.D. Cal. Mar. 1, 2011).

#### a. Section 1785.25(a) of the CCCRAA Is Not Preempted by the FCRA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC                                                          Date: July 17, 2012
                                                                                                        Page 8

      Although courts have been divided on the issue in the past,[2] the Ninth Circuit has recently held that Section 1785.25(a) is not preempted by the FCRA. *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 888 (9th Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1171-72 (9th Cir. 2009) ("The enforcement provisions [of Section 1785.25(a)] . . . allow for additional avenues through which consumers can ensure that furnishers are complying with the obligations Congress specifically meant to impose."); *see* 15 U.S.C. § 1681t(b)(1)(F)(ii) (stating that Section 1785.25(a) is expressly exempt from the preemption provision of 15 U.S.C. § 1681t(b)).  As such, a private right of action to enforce Section 1785.25(a) specifically against furnishers of information is codified in Sections 1785.25(g) and 1785.31 of the CCCRAA. *Carvalho*, 629 F.3d at 888; *Lin v. Universal Card Services Corp.*, 238 F. Supp. 2d 1147, 1152 (N.D. Cal. 2002).

      Pursuant to the FCRA, "no requirement or prohibition may be imposed under the laws of the State" with respect to a furnisher's responsibilities to a consumer.  15 U.S.C. § 1681t(b)(F).  However, "the provisions creating a private right of action [under Cal. Civ. Code § 1785.25(a)] do not constitute a 'requirement or prohibition' within the meaning of 15 U.S.C. § 1681t(b)(1)(F) because they merely provide a vehicle for enforcing actual requirements or prohibitions." *Gorman*, 584 F.3d at 1170-71; *see Carvalho*, 629 F.3d at 888.  Therefore, the sections establishing a private right of action for violation of the CCCRAA are also exempt from preemption. *Carvalho*, 629 F.3d at 888.  Essentially, Sections 1785.25(g) and 1785.31 are not preempted because they do not impose any requirements or prohibitions on a furnisher of information.  Sections 1785.25(g) and 1785.31 merely allow for the enforcement of Section 1785.25(a), which is expressly exempted from federal preemption.  Thus, a private right of action exists for violation of Section 1785.25(a) of the CCCRAA that is not preempted by federal law.

---

[2] In *Davis v. Maryland Bank*, the court acknowledged that the FCRA expressly exempted California Civil Code § 1785.25(a) from preemption but held in favor of preemption because "neither the Ninth Circuit nor any other Circuit Court of Appeal has defined the scope of the preemption under the FCRA." *Davis v. Maryland Bank*, 00-04191, 2002 WL 32713429, at *12 (N.D. Cal. June 19, 2002).  Consequently, other courts have looked to the *Davis* court's reasoning when ruling in favor of preempting the CCCRAA without giving credence to the recently emerging Ninth Circuit decisions upholding Section § 1785.25(a) as exempt from preemption. *See Miller v. Bank of Am., Nat. Ass'n*, 3:11-CV-02588-MMA, 2012 WL 871321 (S.D. Cal. Mar. 14, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC					Date: July 17, 2012
									Page 9

### b. Plaintiff Sufficiently Alleges Facts for a Cause of Action for Violation of § 1785.25

Plaintiff sufficiently alleges facts to bring a cause of action for violation of the CCCRAA, California Civil Code § 1785.25.

In *Gorman*, the Ninth Circuit held that the defendant creditor violated Section 1785.25 of the CCCRAA because the plaintiff consumer disputed an allegedly erroneous charge on his credit card and the defendant furnished the plaintiff's credit information without taking proper steps to reconcile the dispute. *Gorman*, 584 F.3d at 1152. The plaintiff purchased a defective satellite television system using a credit card provided by the defendant. *Id.* at 1151. The plaintiff disputed the charge with the defendant, yet the defendant furnished the plaintiff's credit information to a credit reporting agency, claiming it to be valid and accurate. *Id.* at 1152. Along with holding that Section 1785.25 was exempt from preemption, the Ninth Circuit held that the defendant violated the CCCRAA because they knew or should have known of the potential inaccuracies. *Id.* at 1174.

Like the plaintiff in *Gorman*, Plaintiff disputed the credit information directly with Creditor Defendants; thus, Creditor Defendants had reason to know of potential inaccuracies. Plaintiff avers that Creditor Defendants failed to take any corrective actions after Plaintiff provided Creditor Defendants with copies of his bankrupcty discharge order. FAC ¶ 30. Unlike the FCRA, the CCCRAA does not require credit reporting agencies to bring the disputes to furnishers' attentions. *Reagan v. Am. Home Mortg. Servicing Inc.*, C 11-00704 WHA, 2011 WL 2149100 (N.D. Cal. May 31, 2011) ("Unlike the federal Act, the state Act does not require that an agency notify the furnisher about disputed reports before a consumer gains a private right of action."). *See Gorman*, 584 F.3d at 1154; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). The direct action Plaintiff allegedly took is sufficient to establish that Creditor Defendants knew or should have known that the information being furnished was inaccurate.

Thus, the Court DENIES Creditor Defendants' motions to dismiss Plaintiff's third cause of action for violation of California Civil Code § 1785.25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC                                                     Date: July 17, 2012
                                                                                                                           Page 10

                iv.     **Plaintiff Is Not Barred From Bringing his Causes of Action Because He Is Not Bringing a Claim for Violation of 11 U.S.C. § 524**

       Creditor Defendants argue that Plaintiff is barred from bringing any cause of action because "Plaintiff's allegations seem to reflect a desire to have his credit report cleared (by way of injunctive relief)." Mot. at 6 (Dkt. 29). Creditor Defendants further allege that "Plaintiff cannot maintain these allegations, however, as 'an injunction against violation of the discharge already exists by operation of the law.'" Mot. at 6 (citing *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1190 (9th Cir. 2011)). This argument has little merit as Creditor Defendants are attempting to place words in Plaintiff's mouth, claiming that "Plaintiff believes that Saxon is in contempt of the Discharge Injunction" and is seeking relief based on a violation of the injunction. Mot. at 7. In actuality, Plaintiff's causes of action, though arising from the same factual circumstance, are completely separate from the enforcement of the bankruptcy discharge injunction and are codified as such in different statutes.

       In *Barrientos v. Wells Fargo Bank, N.A.*, the Ninth Circuit held that the plaintiff individual's cause of action for violation of 11 U.S.C. § 524 against the defendant credit reporting agency was wrongly pleaded in bankruptcy court. *Barrientos*, 633 F.3d at 1191. Pursuant to Section 524, a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action . . . or act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(2). Consequently, "an injunction against violating an existing injunction would be superfluous, adding no judicial action and providing no additional relief. The remedy for violating an injunction is not a repetitive injunction, but an order of contempt." *Barrientos*, 633 F.3d at 1190. The Ninth Circuit held that the plaintiff could not bring a claim for violation of Section 524 because there is no private right of action outside a motion for contempt against a defendant's failure to comply with an injunction. *Id*. at 1191.

       Unlike *Barrientos*, Plaintiff is not seeking the enforcement of a bankruptcy discharge injunction or bringing a claim for violation of 11 U.S.C. § 524. Instead, Plaintiff's causes of action revolve around Creditor Defendants' failure, as furnishers of information, to adequately address disputed credit information. Accordingly, Plaintiff's causes of action are brought for completely different statutory violations than 11 U.S.C. § 524. Furthermore, in *Barrientos*, the court raises the issue, because the plaintiff erroneously prayed to invoke another injunction based on a violation of 11 U.S.C § 524. *Barrientos*, 633 F.3d at 1190-91. ("The district court correctly ruled that contempt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0223 DOC                         Date: July 17, 2012
                                                                                    Page 11

proceedings for a violation of § 524 must be initiated by motion in the bankruptcy case under Rule 9014 and not by adversary proceeding."). Here, Plaintiff does not seek injunction but, rather, actual and exemplary damages for violations of separate statutes.

Because Plaintiff is not bringing a claim for violation of 11 U.S.C. § 524, the Court DENIES Creditor Defendants' motion to bar "each and every claim."

**IV.    Disposition**

For the foregoing reasons, the Court GRANTS Creditor Defendants' motions to dismiss the first cause of action for violation of 15 U.S.C. § 1692 and DISMISSES WITH PREJUDICE.

The Court GRANTS Creditor Defendants' motions to dismiss the second cause of action for violation of 15 U.S.C. § 1681 WITHOUT PREJUDICE.

Finally, the Court DENIES Creditor Defendants' motions to dismiss the third cause of action for violation of California Civil Code § 1785.

Plaintiff shall file an amended complaint within fourteen (14) days of this order. Creditor Defendants shall file any further motions to dismiss within fourteen (14) days thereafter.

MINUTES FORM 11
CIVIL-GEN                                                                           Initials of Deputy Clerk: jcb